In the Matter of the Claim of ARTHUR DINETZ, Respondent, v. BRAND JEWELERS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board awarding claimant benefits for disability found due to a causally related myocardial infarction which arose out of and in the course of his employment. The findings of accident and casual relationship are clearly supported by substantial evidence and must therefore be affirmed. Present only are questions of credibility and a conflict of medical testimony which are solely for the board's resolution (e.g., *Matter of Sugnet* v. *Hanna Furnace Corp.*, 33 A D 2d 1064; *Matter of Bombala* v. *Lark Mfg. Co.*, 32 A D 2d 593; *Matter of Prue* v. *Empire Scrap Metals*, 32 A D 2d 680). Nor do we find any merit in appellants' argument that part of the award should have been apportioned against the claimant himself. Concededly, our prior decision (28 A D 2d 761, mot. for lv. to app. den. 20 N Y 2d 642) that claimant was an independent contractor and not an employee with respect to another alleged employer against whom claimant also sought benefits stemming from the same incident here involved is controlling. However, assuming *arguendo* that as a matter of law there could be dual employment with claimant himself being one of the employers, "Apportionment is a factual determination to be made by the board upon a fair and equitable basis under all the circumstances presented" (*Matter of Berkman* v. *Billig Mfg. Co.*, 9 A D 2d 810). And the board may properly make the award against either or both of the employers (*Matter of Thomas* v. *Diamond*, 33 A D 2d 602; *Matter of Janikowski* v. *Yardleys of London*, 11 A D 2d 577). Similarly (although, of course, not truly an issue of apportionment), conceding that claimant was also engaged in a personal mission at the time of the accident, the board could find on the instant record that employment motives were a concurrent reason for the trip and assess the entire award against the appellant-employer (e.g., *Matter of Thompson* v. *Tomivill Cleaners*, 30 A D 2d 1008; *Matter of Sullivan* v.

*L'Heureux,* 18 A D 2d 1116). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.